UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| vs. | ) ) | Case No.: 08-10377-JLT |
| GERARD SASSO, | ) ) ) | |
| Defendant. | ) ) | |

DEFENDANT'S RESPONSE TO THE GOVERNMENT'S SENTENCING
MEMORANDUM

The government requests the Court sentence Mr. Sasso to "2-3 … years" in prison. The government argues that "sentences of two to four years are typical" prison sentences in laser pointer cases. It cites in support of this proposition seven cases which it claims are representative of this average range, including four federal cases from California, and state cases from California, Arizona, and Ohio. The government argues the Court should sentence Mr. Sasso within the range it sets out, as his case "presents aggravating factors," which makes his case "worse than most," and warrants a sentence "on the high end." The government then repeats the argument it unsuccessfully made to the Probation Department regarding the application of the "dangerous weapon" Guidelines enhancement.

In fact, most if not all of the cases cited by the government present aggravating circumstances not present in this case (in general, multiple aircraft were struck by a defendant, or were struck at much closer range), and in every case the sentences were evidently driven in large part by the defendants' criminal history. In addition, the government does not mention that in *none* of the four federal cases which it argues are otherwise of precedential value here was the "dangerous weapon" enhancement found to

apply.[1]  The Defendant respectfully submits information regarding the cases cited in the Government's sentencing submission.

<u>Further Information Regarding the Cases Cited in the Government's Memorandum</u>.

*United States v. Dana Welch*, 08 cr. 175-RT (E.D. Cal.).  The Welch cases follows the first pattern the Defendant described in his Sentencing Memorandum.  The Defendant shined a laser pointer at several airliners, and then at a helicopter which came to investigate at much closer range.  *United States v. Dana Welch*, 08 cr. 175-RT (E.D. Cal.), "Complaint," D.E. 1, May 29, 2008.  Welch was convicted after trial.  His own defense attorney characterized his criminal record as "lengthy."  "Defendant's Position Re: Sentencing," D.E. 134, Oct. 19, 2009 at 7.  He was on parole at the time of his offense.  The parties agreed the applicable Guideline Range was 18, and the CHC was VI.  "Parties Sentencing Agreement" D.E. 133, Oct. 15, 2009 at 3.   Like Mr. Sasso, he lied to police at first, but for a much longer period (approximately one hour), and apparently falsely tried to cast the blame on someone else.  "Government Trial Brief," D.E. 67, Jan. 28, 2009, at 6.

*United States v. Balltazar O. Valladares*, 09 cr. 1153-WBS (C.D. Cal.).  This case again involved the targeting of a passenger jet and then the helicopter which came to investigate.  "Complaint," D.E. 1, Mar. 19, 2009.  The defendant admitted to targeting the police helicopter, which he called a "Ghetto Bird."   The defendant held the laser on the

---

[1] The government does not explain why the cases cited in Defendant's memorandum are not also representative.  In *Commonwealth v. Phaneuf*, the defendant received a CWOF.  He targeted the same pilot, in the same aircraft, six times from a distance of approximately a half mile, while the helicopter, at an altitude of 700', came in for a landing.  In the *Nighswander* case, the defendant was sentenced to a year and a day. He targeted a helicopter hovering over a traffic stop four times, and admitted he specifically intended to interfere with the pilots.  *United States v. Nighswander*, 10 cr. 109 (E.D. Cal.), "Plea agreement," May 18, 2010, D.E. 19.

helicopter "continuously," for an extended period of time. Id.; "United States Sentencing Memorandum," Sept. 2, 2009, D.E. 18, at 1. This stands in contrast to the intermittent contact Mr. Sasso's laser made with the helicopter (approximately five times over an approximately ten minute period as the helicopter slowly approached his house). This is another case in which the sentence, 37 months, appears to have been driven in large part by the defendant's criminal history. The sentencing papers indicate the defendant was in CHC V, and sentenced at OL 15.

*United States v. Jared Dooley and Kendra Smith*, 08 cr. 008-LJO (E.D. Cal.), also involved defendants with substantial criminal histories. This case involved the targeting of a helicopter on a routine assignment. The principal distinguishing factor here is that the defendants aimed the laser from a distance of 500 feet away, close enough to actually cause the pilots physical discomfort. In contrast, Mr. Sasso pointed the laser at the helicopter when it was *two miles* distant, and then an additional five times as it closed the distance between this point and one half mile over a five to ten minute period (during which he also pointed it at other things). The testimony at trial was that Mr. Sasso's laser did not in fact cause the pilots the visual effects which can interfere with pilot's vision at close range, although it did distract them and prompt them to find its source.

In *United States v. Nathan Wells*, 10 cr. 006-VAP (C.D. Cal.), the defendant was sentenced to 15 months—which, it bears mention, is not within the 2 to 4 years the government claims is "typical" for laser pointer cases. The defendant aimed a green laser at a California Highway Patrol helicopter hovering while participating in a police investigation. The defendant aimed the laser at close range, while the helicopter was at an altitude of 700 feet. "Plea Agreement," D.E. 31, July 21, 2010, at 3-4. The defendant then led police on a

chase; the CHP helicopter illuminated the defendant's car with its "Nightsun" spotlight, and followed the defendant to him home. The defendant had a criminal history (CHC III), and, notably, had been arrested five times while on pretrial release. "Government Sentencing Memorandum," D.E. 39, Sept. 28, 2010, at 5.

The *State v. Justin Dewalt* case (Ohio Sup. Ct.), to which the Government makes reference, and in which the defendant received a 36 month sentence, is difficult to interpret, since press accounts indicate the defendant was sentenced to 36 months for drug crimes and his laser offense simultaneously. Amanda Garrett, "Man Who Shined Laser into Airplanes Sentenced to 3 Years," Cleveland Plain Dealer, available at: http://blog.cleveland.com/metro/2009/01/man_who_shined_laser_into_airp.html. In any event, the incident was much more egregious. According to the press accounts, the defendant struck two planes, a medical helicopter, *and* the police helicopter which came to investigate. Id. Dewalt appears to have had a substantial record. It is similarly difficult to interpret *State v. Clint Jason Brenner*, from the state of Arizona, where a defendant reportedly received 24 months for shining a laser pointer at a police helicopter. Here an available press account suggests the sentencing judge may have thought probation an appropriate disposition, but complained he didn't have the discretion under Arizona law, as the defendant had elected to go to trial. "Man Who Pointed Laser at Chopper Gets Two Years," Daily Courier, May 25, 2010, *available at:* http://prescottdailycourier.com/main.asp?SectionID=1&SubsectionID=1086&ArticleID=81442.

In *State v. Jamie Allen Downie* case, California's Placer County District Attorney's Office issued a press release, relating the following: a police helicopter was struck by a green

laser after which it hovered over the neighborhood from where the light originated, and "used a public address system to warn residents that discharging a laser at an aircraft was a federal crime… [and then] advised the culprit to stop shining the beam 'or police are going to come knock on your door.'"  See Press Release, "Man Who Pointed Laseer Beam at Sheriff's Helicopter Receives Four Years in Prison," available at: http://www.placer.ca.gov/Departments/DA/News/2010/January/Newsitem,-d-,Downie.aspx.  Downie shined his laser pointer at the same police helicopter some weeks later.  While he didn't admit to doing it the first time, he did acknowledge that the heard the police announcement.  *Id*.  Downie reportedly had at least one prior conviction, for robbery.  See Jennifer Gee, "Laser Pointer Leads to Four-year Prison Term," Auburn Journal, Jan. 26, 2010, available at:  http://auburnjournal.com/detail/140641.html.

## CONCLUSION

The Defendant respectfully requests the Court impose a sentence of time served, with three years of supervised release, the first 8 months of which to be served under conditions of home confinement, for the reasons cited herein and the Defendant's previous memorandum.

>Respectfully submitted
>Defendant Gerard Sasso,
>By his attorney,
>
>/s/ *Ian Gold*
>Ian Gold, Esq.
>BBO#665948
>Federal Defender Office
>51 Sleeper Street, 5th FL
>Boston, MA 02210
>(617) 223-8061

Dated: January 10, 2011

CERTIFICATE OF SERVICE

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this date.

*/s/ Ian Gold*
Ian Gold